NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1472
_____

UNITED STATES OF AMERICA

v.

STEPHEN C. CORONA,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa No. 2-18-cr-00312-001)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted under Third Circuit L.A.R. 34.1(a)
February 7, 2024

Before: HARDIMAN, SCIRICA, and SMITH, *Circuit Judges*

(Filed: February 8, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Circuit Judge*.

Stephen Corona pled guilty to possessing and distributing child pornography. After he repeatedly violated the terms of his supervised release, the District Court sentenced Corona to a term of imprisonment followed by lifetime supervised release. Corona appeals a condition of his supervised release that requires him to pay the cost of internet monitoring. Because Corona has not yet paid the costs of any monitoring and still has an available remedy to seek modification of the terms of his supervised release, we will affirm.

***

Corona pled guilty to possessing and distributing child pornography after law enforcement discovered that he maintained a collection of, and made available for download, nearly 50,000 images and nearly 700 videos in violation of 18 U.S.C. § 2252. The pornography ranged from depictions of children being tortured to images of very young children engaging in sexual acts with adults and animals. Upon his release from custody, he consented to a modification of the terms of his supervision that allowed his internet use to be monitored.[1] Over a period of years, Corona still procured at least seven internet-capable devices — without informing the Probation Office or requesting that the devices be monitored. Not surprisingly, he used them

---

[1] The District Judge's modification stated, in relevant part, that Corona was "to pay the cost of . . . computer monitoring not to exceed the monthly contractual rate as directed by the probation office." App. 10.

2

to access content involving minors. Corona admitted to this conduct. The District Court, having already on two separate occasions revoked his supervised release, imposed additional prison time for Corona, with lifetime supervised release to follow and the requirement that Corona pay the cost of internet monitoring. Although Corona never objected to the monitoring condition, he now appeals and seeks "to have the monitoring condition reformed [such that] the government . . . bear[s] the costs of monitoring." Corona Br. 10.[2]

***

A District Court may impose any condition of supervised release that is "reasonably related" to specified sentencing factors and "involves no greater deprivation of liberty than is reasonably necessary." 18 U.S.C. § 3583(d).[3] In doing so, a sentencing judge has "wide discretion." *United States v. Miller*, 594 F.3d 172, 183 (3d Cir. 2010). While "[a] complete ban on computer and internet use will rarely be sufficiently tailored," monitoring software is a tool that limits the

---

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and 18 U.S.C. § 3583(e). Corona timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). As the issue here was not preserved, we review only for plain error. *United States v. Thielemann*, 575 F.3d 265, 270 (3d Cir. 2009).

[3] The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "the need for the sentence imposed," adequacy of deterrence, protection of the public "from further crimes of the defendant," and provision to the defendant of "correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

3

deprivation of liberty attendant to internet restrictions. *United States v. Holena*, 906 F.3d 288, 290 (3d Cir. 2018).

Here, the District Court did not err, plainly or otherwise, by reimposing an appropriate special condition of supervised release. Monitoring Corona's access to the internet is a reasonable measure given that his criminal conduct involved internet use. Corona asks that the Government pay for monitoring and claims that, given his alleged inability to pay, "the payment condition has the same effect as an outright ban on internet access." Corona Br. 18. Yet because Corona never disclosed ownership of the myriad devices he used, he has never been charged a monitoring fee. Nor did he put into evidence any record support for his alleged inability to specifically pay such a fee.[4] Even if Corona had paid monitoring costs, requiring him to do so can reasonably be viewed as deterring him from freely accessing child pornography, as he has repeatedly done.[5] Further, the District Court has continuing authority to modify the terms of Corona's supervised release.

---

[4] Corona cannot thus establish his claim that assessment of a fee he cannot afford violates his First Amendment, due process, and equal protection rights.

[5] Corona's reliance on *United States v. Evans*, 155 F.3d 245 (3d Cir. 1998), is inapposite. In that case, the defendant had been required to reimburse the cost of court-appointed counsel after it was determined that his income level made him ineligible for court-appointed counsel. *Id.* at 248. We concluded that such a requirement "would not likely deter crime, protect the public, or serve any rehabilitative function." *Id.* at 250. That is far from this case. Corona has yet to pay for internet monitoring. And imposing the cost of monitoring is directly linked to deterring Corona from doing exactly what he has admitted to doing time and again.

Corona thus has an available remedy — if he ever discloses his ownership of an internet-capable device — to establish that he cannot pay monitoring costs and seek to modify the conditions of supervised release under 18 U.S.C. § 3583(e)(2). Up until now, he seems to have been unwilling to do so.

We will affirm.